RECEIVED
2021 SEP 27 PM 1:58
THOMAS M. G...
CLERK, U.S. DISTRI...
TNWD OF TN M...

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
☐ Eastern (Jackson) DIVISION
☒ Western (Memphis) DIVISION

Joyce Goodwin )
    Plaintiff, )
   )
vs. ) No. _____
Methodist LeBonheur Healthcare )
    Defendant. )

## COMPLAINT

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

   ☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
   ***NOTE:*** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

   ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
   ***NOTE:*** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

   ☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
   ***NOTE:*** *In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3. Plaintiff resides at:

   1779 Kirby Parkway #1-127
   STREET ADDRESS

   Shelby, TN, 38138, (901) 488-0893
   County / State / Zip Code / Telephone Number

4. Defendant(s) resides at, or its business is located at:

   1211 Union Ave
   STREET ADDRESS

   Shelby, Memphis, TN, 38111
   County / City / State / Zip Code

NOTE: If more than one defendant, you must list the names, address of each additional defendant.

5. The address at which I sought employment or was employed by the defendant(s) is:

   1211 Union Ave.

STREET ADDRESS

__Shelby__, __Memphis__, __TN__, __38111__
County     City     State     Zip Code

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

- ☐ Failure to hire
- ☒ Termination of my employment
- ☐ Failure to promote
- ☐ Failure to accommodate my disability
- ☒ Unequal terms and conditions of my employment
- ☒ Retaliation
- ☐ Other acts *(specify)*: __Hostile Work Environment__

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7. It is my best recollection that the alleged discriminatory acts occurred on:
__December 9, 2019__
Date(s)

8. I believe that the defendant(s) *(check one)*:

- ☐ is still committing these acts against me.
- ☒ is <u>not</u> still committing these acts against me.

9. Defendant(s) discriminated against me based on my:
*(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

[X] Race _African American_

[ ] Color _____

[ ] Gender/Sex _____

[ ] Religion _____

[ ] National Origin _____

[ ] Disability _____

[ ] Age. If age is checked, answer the following:
I was born in _____. At the time(s) defendant(s) discriminated against me.

I was [ ] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10. The facts of my case are as follows:

Plaintiff believes there was a plot to terminate her employment after she opposed the actions Defendant's management, Director Rhonda Gilligan Gillespie subjected her to.

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

4

### Question # 10 Additional Sheets

a. Plaintiff began her employment with Defendant on or around November 17, 2015, in the position of Administrative Assistant.

b. Plaintiff held two part time positions with Defendant, Administrative Assistant and Humanitarian Fund Coordinator.

c. Plaintiff's last pay at the time of termination was at $21,14 an hour.

d. On or around December 9, 2019, Plaintiff was suspended after she was subjected to her files being edited.

e. Defendant suspended Plaintiff on December 5, 2019.

f. On or around January 7, 2020, Defendant terminated Plaintiff while she was working in the position of Humanitarian Fund Coordinator.

g. Before Plaintiff was terminated, on or around December 2019, and again before January 7, 2020, she reported and complained to Human Resources that none of her reports of inappropriate racial comments made by the Director of CPE were investigated.

h. Defendant overlooked Plaintiff's complaints as if she had not reported either harassment and discrimination based upon her race African American and her incorrect pay.

i. Plaintiff exercised her right to engage in protected activity when she reported to Human Resources about her incorrect pay and she specifically asked Human Resources to check into her pay.

### Count 1: RACE

j. Plaintiff reasonably believes that she was discriminated against because of my race, African American.

k. Plaintiff worked two positions and was not given the same pay the last Non-African American Humanitarian Coordinator was paid despite the fact that they both did the same job which was considered a director position.

Plaintiff was told by Defendant's Management, Director Rhonda Gilligan Gillespie, Director of Clinical Pastoral Department that white people were better than blacks and blacks should do as they were told.

l. Plaintiff was told by Defendant's Management, Director Rhonda Gilligan Gillespie that she was mistreating Plaintiff because she was black, and she could not help the way that she was raised.

m. Plaintiff was told by Defendant's Management, Director Rhonda Gilligan Gillespie that she was black and therefore she was not going to receive the director's pay raise for the Humanitarian Fund position.

n. Plaintiff had to work full time hours over 35 to 40 hours weekly under an Administrative Asst position under the leadership of Rhonda Gilligan Gillespie which should have been only 20 hours weekly.

o. Defendant's Management, Director Rhonda Gilligan Gillespie Rhonda stress that Plaintiff had to work long hours because she was black and when she wanted Plaintiff to regardless or not if Plaintiff was tired.

p. Defendant's Management, Director Rhonda Gilligan Gillespie would make sure Plaintiff knew that she could make it where Plaintiff did not work for Methodist if she did not do as she was told.

q. Plaintiff worked two positions which were part time however she had to work between 40 -60
~~60-70~~ weekly total hours for Director Rhonda.

Question # 10                                                                                     Page Number _4_ B
Plaintiff, Joyce Goodwin Pro Se Lawsuit Facts

r. Even when Plaintiff didn't work under Director Rhonda's leadership, she would harass her.

s. Defendant's Management, Director Rhonda Gilligan Gillespie continuously to informed Plaintiff that she did not deserve and was not going to receive a pay raise or title change for her second position she held because she was black.

t. Defendant's Management, Director Rhonda Gilligan Gillespie informed and bragged to Plaintiff that she had not given Ruthie Hayes another black employee a raise or title change, and she has been in her position working various higher paid positions for years under the same title as an administrative admin and did receive higher pay or another title.

u. Bonnie Oliver- Brandon was one of the black CPE students that was harassed the same way Plaintiff was.

v. Director Rhonda Gilligan Gillespie told Plaintiff that Bonnie was black and that was why she treated her disrespectfully and she talk too much, and blacks needed to stay in their place.

w. Director Rhonda Gillespie would allow and informed Plaintiff that she was going to get rid of one of the black students to allow Daniel (a white student) a place to work for a 2 nd year due to whites come before black and that was how God wanted it to be.

x. Director Gillespie would do things to go against Plaintiff because she spoke up about racist subjects and statements that Director Rhonda would say.

y. Director Gillespie would allow white classmates to inform the black students that they were racist and what they felt and didn't like about black people.

z. Plaintiff was told by Director Rhonda Gilligan Gillespie that she would sometimes ask a black director to sit in a session with her with a black male informing Plaintiff that black males were aggressive with her.

aa. For black residents Rhonda Gilligan-Gillespie would tell Plaintiff that she will not hire them over whites.

bb. Bonnie Oliver-Brandon was one of the black students as to whom she would harass, and she would tell Plaintiff that it was because she talked to much and she needed to stay in her place as a black person.

cc. Director Gillespie fired a black guy referred to as Dee (Ademola Okunola Sodeinde) to allow a white resident Daniel Webb to do a 2nd year residency.

dd. Director Gillespie She falsified a black student Hattie McKinney's document to make sure she would be terminated.

ee. Plaintiff as a female African American Humanitarian Fund Coordinator exercised her discretion to stop the payment of a check because she reasonably believed it was stolen at the time the check was presented for payment.

ff. It was not uncommon to stop payments. However, a white male Humanitarian Fund Coordinator in the same position as Plaintiff was did not get suspended or terminated when he exercised his discretion to stop fund check payments.

## COUNT II: RETALIATION

gg. Plaintiff reasonably believes she was subjected to unlawful retaliation and later terminated after she engaged in protected activity when she reported her complaints to Human Resources of inappropriate racial comments.

hh. Plaintiff reasonably believes she was subjected to unlawful retaliation and later terminated after she engaged in protected activity when she reported her complaints to Human Resources of receiving incorrect pay.

## COUNT III: HOSTILE WORK ENVIRONMENT

ii. Both the inappropriate racial comments made and failure to investigate Plaintiff's allegations created undue tension and a hostile working environment.

jj. Defendant's actions caused Plaintiff to feel threatened when especially after her supervisor told her not to ask any further questions about her pay to Hunan Resources.

kk. Plaintiff felt like she was subjected to further hostile work environment when Defendant prevented and discouraged her from also not asking questions about the amount of grant funds to the finance department when she was the grant coordinator.

ll. Plaintiff I was told by Defendant's management that she was making trouble.

mm. Defendant accused Plaintiff of inappropriate behavior and mismanagement of funds.

nn. Defendant later placed on the official separation notice the accusations stated on item O above however the Appeals Tribunal of the Tennessee Department of Labor and Workforce Development awarded unemployment benefits to Plaintiff.

oo. The Tennessee Department of Labor and Workforce Development concluded and ruled that Defendant failed to produce any evidence that Plaintiff engaged in any misconduct nor materially breached a duty.

pp. After Plaintiff reported harassment and racism to Human Resources Linda Hayes on Director Rhonda Gilligan Gillespie Plaintiff was harassed by her Humanitarian Fund Boss Niels French and the SVP in the department Albert Mosley and the finance department Lori Dale as well as Humanitarian Fund HR director Tina Sims.

qq. Niels French informed Plaintiff that she was not receiving a pay raise because Director Rhonda would not agree to sign the title change paperwork to give her the higher pay.

rr. Based upon Defendant's actions, Plaintiff believes she was discriminated and retaliated against due to being told that the reason was because she was black and white people are superior to black people and that is the way God saw for it to be.

ss. Plaintiff 's reporting discrimination to Human Resources Linda Hayes and Niels French Director of Operations/ Humanitarian Fund and when Linda Hayes would try to connect with Niels French so she could bring us all in for a mediation (Rhonda Gilligan-Gillespie and Niels French) Niels French would ignore Plaintiff's calls and messages.

tt. Plaintiff reached out to the SVP per HR Linda Hayes advice due to Niels French ignoring her.

uu. Albert Mosley SVP didn't return Plaintiff's reply but informed Plaintiff that he would get back with her a month after she emailed message to him.

**Tennessee Unemployment Appeals Hearing Ruled Against Defendant and Rewarded Plaintiff Unemployment Benefits Because Defendant Failed to Prove Misconduct**

vv. Defendant's Darryl Arbor, the auditor that help Tina Sims with terminating Plaintiff represented Methodist at the appeal hearings testified to the Appeals Tribunal that Plaintiff informed him that she exhibited inappropriate behavior.

ww. Defendant's Darryl Arbors made false statements to the hearing judge perjuring himself under oath.

xx. Plaintiff believes the Appeals Tribunal hearing recording is evidence to reveal that Darryl Arbor committed perjury and the recording will reflect that I did not admit to any wrongdoing as to what Darryl falsely stated at the appeal hearing.

yy. Defendant's Tina Sims stated that Plaintiff conducted inappropriate behavior and mismanagement of funds that was listed on separation notice.

zz. Defendant failed to prove neither that Plaintiff engaged in inappropriate behavior or mismanagement of funds.

Question # 10
Plaintiff, Joyce Goodwin Pro Se Lawsuit Facts

Page Number _4_ G

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11. It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on:_____

12. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: **8-12-2020**
   Date

**Only litigants alleging age discrimination must answer Question #13.**

13. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct, *(check one):*

    ☐ 60 days or more have elapsed

    ☐ Less than 60 days have elapsed.

14. The Equal Employment Opportunity Commission *(check one)*:

    ☐ has not issued a Right to Sue Letter.

    ☒ has issued a Right to Sue letter, which I **received** on **7-5-2021**
    Date

*NOTE:* *This is the date you received the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15. Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

*NOTE: You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16. I would like to have my case tried by a jury:

    ☒ Yes

    ☐ No

5


**WHEREFORE**, plaintiff prays that the Court grant the following relief:

- ☐ direct that the Defendant employ Plaintiff, or
- ☐ direct that Defendant re-employ Plaintiff, or
- ☐ direct that Defendant promote Plaintiff, or
- ☐ order other equitable or injunctive relief as follows:_____
- ☒ direct that Defendant pay Plaintiff back pay in the amount of $21.14/hr *From: Termination To: End of Case* and interest on back pay;
- ☐ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: $300,000 for emotional and mental inflicted suffering for unlawful practices

X _(signature)_
SIGNATURE OF PLAINTIFF

X Date: 9-24-2021

X 1779 Kirby Pkwy #1-127
Address
Germantown, TN 38138

X 901-488-0893
Phone Number

6