# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOYCE GOODWIN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-02603-JTF-cgc |
| ) | |
| v. ) | JURY DEMANDED |
| ) | |
| METHODIST LE BONHEUR ) | |
| HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT METHODIST LE BONHEUR HEALTHCARE'S ANSWER TO COMPLAINT

Defendant Methodist Le Bonheur Healthcare, ("Defendant" or "Methodist"), by and through counsel, submits the following Answer to the Complaint filed by Joyce Goodwin ("Plaintiff" or "Ms. Goodwin"), and responds to Plaintiff's Complaint, paragraph-by-paragraph, as follows:

## ANSWER TO COMPLAINT

1. Defendant admits that Plaintiff's Complaint attempts to assert an action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964. However, Defendant affirmatively states that it has not, at any time, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 or any other federal, state, or local law.

2. The allegations in Paragraph 2 regarding jurisdiction call for a legal conclusion and require no response from Defendant. To the extent a response is required, Defendant admits the allegations in Paragraph 2 of the Complaint.

1

3. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff currently resides at 1779 Kirby Pkwy, # 1-127, Germantown, Tennessee 38138.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint. Defendant affirmatively states that actions taken by Defendant with respect to Plaintiff were based on legitimate nondiscriminatory, nonretaliatory reasons, and therefore, cannot be grounds for any of Plaintiff's claims.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies that it has committed any discriminatory act against Plaintiff.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendants admits that Plaintiff was suspended on or about December 5, 2019, and terminated on or about January 7, 2020. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint and in the accompanying attachment to the Complaint titled "Question #10 Additional Sheets". *See* ECF No. 2, PageID 5 – 11.

11. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff filed a charge with the Tennessee Human Rights Commission.

12. Defendant admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission on or around August 12, 2020. Defendant denies the remaining allegations in Paragraph 12 of the Complaint and affirmatively states that it has not, at any time, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 or any other federal, state, or local law.

13. Paragraph 13 contains no allegations and requires no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the Equal Employment Opportunity Commission issued a Right to Sue letter to Plaintiff on July 1, 2021. Defendant lacks sufficient knowledge or information to either admit or deny when Plaintiff received the Right to Sue letter and demands strict proof thereof to the extent its interests are to be affected.

15. Paragraph 15 contains no allegations and requires no response from Defendant. To the extent a response is required, Defendant admits that Plaintiff has attached a copy of her Right to Sue Letter from the Equal Employment Opportunity Commission to the Complaint.

16. Paragraph 16 contains no allegations and requires no response from Defendant.

17. Defendant denies the allegations in the Paragraph immediately following Paragraph 16 and beginning with the word "WHEREFORE." Defendant affirmatively states that Plaintiff is not entitled to any relief or judgment against Defendant in any amount.

18. Any allegation not admitted, explained, or denied is hereby denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2. Plaintiff is not entitled to any of the relief requested. Defendant denies each allegation contained in the Complaint that has not been previously admitted, denied, or qualified.

3. Any conduct complained of was caused in part or in whole by Plaintiff's own actions or the conduct of others over whom Defendant had no control.

4. All actions taken by Defendant with respect to Plaintiff were based on legitimate nondiscriminatory, nonretaliatory reasons, and therefore, cannot be grounds for any of Plaintiff's claims.

5. Defendant adopted reasonable anti-discrimination and anti-retaliation policies which include avenues for making and procedures for handling complaints. Defendant took affirmative steps to ensure dissemination and implementation of these policies. Defendant acted in good faith to comply with anti-discrimination and anti-retaliation laws.

6. Defendant engaged in good faith efforts to comply with all applicable laws and the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of Title VII of the Civil Rights Act of 1964 and/or the Tennessee Human Rights Act.

7. Without conceding that such conduct occurred, Defendant did not have notice, constructive or otherwise, of any alleged discriminatory conduct alleged by Plaintiff, nor did Plaintiff avail herself of Defendant's mandatory reporting procedure. Defendant has in place a clear and well-disseminated policy against discrimination on the basis of discrimination for such complaints and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Defendant exercised reasonable care to prevent and promptly correct any discrimination. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

8. Defendant avers that Plaintiff was an at-will employee, employed for no definite term, and that Defendant did not discriminate or retaliate against Plaintiff and has not violated her rights in any way.

9. Without conceding that Plaintiff suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff failed to mitigate or minimize their alleged damages.

10. Defendant avers Plaintiff has not been damaged in the sums or manner alleged, or in any sum or manner at all.

11. If Plaintiff is able to show that any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

12. Plaintiff has not alleged any facts that would entitle her to an award of punitive damages, and therefore, all such claims should be stricken; alternatively, Defendant had in place policies and procedures to prevent discrimination, and any actions contrary to these policies were contrary to its good faith efforts to comply with the law, and were not done with the authorization of the company.

13. Defendant is not liable for punitive damages because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's protected rights, or approved, authorized or ratified, or had actual or constructive knowledge, of such acts.

14. If an employee of Defendant based a decision or action on Plaintiff's race or gender, or the race or gender of any other employee, such decision or action would be outside of the course and scope of the employee's employment, in direct contravention of company policy and practice, and therefore, Defendant is not liable for such decisions or actions.

15. To the extent any of the alleged wrongs were committed by others, Defendant avers it cannot be held liable for such alleged wrongs.

16. Any improper, illegal, or discriminatory actions taken by any of Defendant's employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

17. In the event that Defendant discovers or otherwise learns of evidence to which the "after-acquired" evidence doctrine or any similar legal theory applies, Plaintiff shall then and thereafter be barred from or limited in recovery or remedy pursuant to said doctrine or theory.

18. Plaintiff's' claims are barred, in whole or in part, by the statute of limitations, if proven applicable by investigation and discovery.

19. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, unclean hands, and waiver, if proven applicable by investigation and discovery.

20. Defendant avers that all or part of this action is frivolous and that Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

21. Defendant alleges discovery is ongoing and incomplete and therefore, reserves the right to amend this Answer as may be warranted by further discovery and investigation.

## **GENERAL DENIAL AND RESERVATION OF RIGHTS**

All allegations in Plaintiff's Complaint not specifically admitted, denied, or qualified herein are hereby denied. Defendant reserves the right to plead such additional affirmative defenses as may become apparent through additional investigation and discovery.

Respectfully submitted,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.

*s/Jonathan C. Hancock*
Jonathan C. Hancock (BPR No. 18018)
Jerrick D. Murrell (BPR No. 34368)
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 577-2000
jhancock@bakerdonelson.com
jmurrell@bakerdonelson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via the Court's ECF System; email; and/or U.S. First Class Mail, postage prepaid, on this day of Friday, October 22, 2021, to the following:

Joyce Goodwin
1779 Kirby Pkwy, #1-127
Germantown, Tennessee 38138

*Pro se Plaintiff*

*s/Jonathan C. Hancock*